IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                         No. CR-00769-JB

FELIPPE JONES,

        Defendant.

## SENCENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE AND VARIANCE

COMES NOW the Defendant, Felippe Jones , by and through his attorney, Nicholas E. Mendoza, Attorney at Law, and submits the following sentencing memorandum in support of a downward departure and variance to a sentence of eight (8) to fourteen (14) months, so that he may be eligible for probation.

      In support of this request, Mr. Jones states the following:

1.      Mr. Jones' criminal history is very minimal.  In 1999 and 2000, he pled guilty to misdemeanor charges in Colorado of Driving While Under the Influence and Driving While License Restrained Because of An Alcohol Related offense, respectively.  He pled guilty to both.  For the former, he served his probation successfully and the charge was dismissed.  For the latter, he served a jail sentence of thirty days.  In 1997, when he was 18 years old, he pled guilty to First degree Criminal Trespass of a Dwelling, a Class 5 Felony, for which he successfully served probation and was restored all his constitutional rights under Colorado law upon its completion.  In fact in regards to such charge, the Probation Office filed an Addendum to its Presentence Report agreeing that was not prohibited from possessing a firearm under 18 U.S.C. §921(a)(20) and cannot be charged

with Felon in Possession of a Firearm pursuant to 18 U.S.C. §922(g).  Thus, Mr. Jones'

criminal history computation is zero.

2.      Mr. Martinez is a 37 year old Native American male of the Navajo Nation tribe.

(He will be 38 on August 5, 2016).  At the time of his arrest on February 12, 2014, he

was 35, and he was unemployed and living in the garage of his mother's house in

Shiprock, New Mexico on the Navajo reservation.

3.      On April 1, 2014, Mr. Jones was released on third-party custody to the La Posada

Halfway House.  In June 2014, he enrolled in a 93 credit hour Drafting and Design

Technology Program at the ITT Technical Institute in Albuquerque to earn an A.A.S.

(Associate in Applied Science) Degree.  He took out a $49,000.00 student loan in order to

do so.  He has earned several honors awards while in school and graduated on June 18,

2016.  It is also important to note that Mr. Jones has been fully compliant with his

conditions of release for the whole two years he has been at the halfway house and

attending school.

4.      In light of Mr. Jones' amazing performance in school and exemplary compliance

with his conditions of release, on June 14, 2016 he was allowed to return home in the

third-party custody of his Mom and under the supervision of the United States Probation

Office so that he could attend his graduation under such positive circumstances.  At

present, he is still at home helping take care of his Mom, who has cancer, and his niece.

5.      The Court's "overarching" duty is to" 'impose a sentence sufficient, but not

greater than necessary' to accomplish the goals of sentencing."  Kimbrough *v. United

States,* 552 U.S. 85, 101 (2007) *quoting* 18 U.S.C. §3553(a).  Underlying the federal

judicial tradition is the principal that "the punishment should fit the offender and not

merely the crime." *Pepper v. United States,* 562 U.S. 476, ___, 131 S. Ct. 1229, 1240

(2011) *quoting Williams v. New York,* 337 U.S. 241, 247 (1949).

6       In the instant case, the goals of sentencing are not furthered by imposing a

sentence of greater than 8 to 14 months, that is probation.

7.      In <u>U.S. vs. Schlosser</u>, the United States Court of Appeals for the Eighth Circuit

held that "pre-trial conduct, including conduct while free on bond, is an appropriate

consideration "under § 3553(a), because it is relevant to the history and characteristics of

the defendant, and to the need for the sentence to promote respect for the law." <u>U.S. vs.</u>

<u>Schlosser</u>, 558 F.3d. 736, 742 (8th. Cir. 2009).  In <u>Pepper vs. U.S.</u>, the Supreme Court

held "[p]ostsentencing rehabilitation evidence may support a downward variance from

the advisory Guidelines range." <u>Pepper vs. U.S.</u>, 562 U.S. 476, 477 (2011).  The Court

added that "[t]he extensive evidence of Pepper's rehabilitation since his initial sentencing

is clearly relevant to the selection of an appropriate sentence here. Most fundamentally,

that evidence provides the most up-to-date picture of his "history and characteristics." §

3553(a)(1)."  In addition, the Supreme Court also found that the defendant's post-

sentencing conduct shed light on the likelihood whether he would engage in future

criminal conduct, which is a central factor that sentencing courts must consider.  <u>Pepper</u>,

at 478.  Importantly, in support of such holding, the Supreme Court found that the

Defendant was an unemployed drug addict, was estranged from his family, and sold

drugs at the time of his initial sentencing.  <u>Pepper</u>, at 477-478.  However, by the time of

his second sentencing, the Defendant had been drug-free for nearly five years, was

attending college, was a top employee slated for promotion, had reestablished a

relationship with his family, and was married and supporting a family.  <u>Pepper</u>, at 478.

Similarly, if not even more so, Mr. Jones has achieved the above. He has been drug-free since for almost two and a half years, he has not only attended college but has completed it and graduate with a diploma and with honors. In addition, at present, Mr. Jones is taking care of his mother who has cancer and his niece.

8.    In regards to the sentencing factor of avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, Mr. Jones would ask the Court to search its recent or even long-term memory to find a Defendant in his shoes that has faired so well. One would think that the Court would want to laud such defendants with similar records and guilty of similar conduct who perform as well as Mr. Jones has. In such case, there are no disparities.

9.    Lastly, In U.S. vs. Staufer, the United States Court of Appeals for the Ninth Circuit held that sentencing entrapment may be legally relied upon to depart under the Sentencing Guidelines. United States vs. Staufer, 38 F.3d 1103, 1108 (CA 9th Cir. 1994) Sentencing entrapment occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment. Staufer, at1106 (CA 9th Cir. 1994). In Mr. Jones' case, the officers had arranged the purchase of a stolen firearm from Mr. Jones, by which he was predisposed to commit by way of an arranged sale through his cousin, a lesser offense under 18 U.S.C. 922(j), for which the maximum penalty provided under law is 10 years imprisonment. The officers then entrapped Mr. Jones in committing the greater offense of distribution of a controlled substance, a greater offense subject to greater punishment under 21 U.S.C. 841(a)(1), for which the maximum penalty provided by law is 20 years imprisonment.

10.     In <u>United States vs. Beltran,</u> the United States Court of Appeals for the Tenth Circuit held that a defendant's claim of sentencing entrapment may be considered a request for a variance from the applicable guideline range under §3553(a).  <u>United States vs. Beltran</u>, 571 F.3d. 1013, 1019.  In *Beltran*, the court found that the defendant was not entitled to a variance because he failed to show that his sentence was enhanced as a result of governmental conduct.  The court found through the testimony of one officer that although he had arranged a controlled buy with the defendant, he did not ask him to bring the gun.  The gun was found in the defendant's jacket pocket following his arrest.  The court also found through the testimony of another officer, that another officer had reported seeing the defendant with a concealed gun at a controlled buy on another date, and that the defendant did not disclose it or attempt to sell the gun to them.  Mr. Jones' case is distinguishable.  When the officers arrived at Mr. Jones' residence to purchase the firearm they had prearranged a sale for through his cousin, not only was the gun not at the location and therefore the officers had Mr. Jones have the firearm brought to the location where the controlled substance was, after they had purchased the firearm and had gained custody and control over it they then asked him to sell them the controlled substance.  Clearly, Mr. Jones' sentence has been enhanced as a result of governmental conduct.

11.     In the final analysis, and in review of the totally of the factors in the instant case, including Mr. Jones' lack of zero criminal history computation, his being drug free for almost two and a half years, his attending college and graduating and attaining a diploma with honors, there is no need to incarcerate him beyond 8 to 14 months and for which he would be eligible for probation. Any sentence beyond 8 to 14 months would be unreasonable pursuant to 18 U.S.C. §3553(a).

WHEREFORE, based on the foregoing, Mr. Jones respectfully requests that this Court

impose a sentence of 8 to 14 months so that he may be eligible for probation.

RESPECTFULLY SUBMITTED:
_____/ss/_____
Nicholas E. Mendoza
Attorney for Defendant
P.O. Box 1153
Tijeras, New Mexico 87059
(505) 503-0492/Fax: (505) 384-3234

I HEREBY CERTIFY that on the 4th day of August 2016, I filed the foregoing pleading
electronically through the CM/ECF system, which caused the following parties or
counsel to be served by electronic means, as more fully reflected on the Notice of
electronic filing:
AUSA, Ms. Elaine Ramirez Esq.

Electronically filed on 8/4/16
Nicholas E. Mendoza
Attorney for Defendant