IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | No. 14-CR-769-JB |
| FELIPPE JONES, | ) ) ) | |
| *Defendant*. | ) | |

# UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its undersigned counsel, hereby files its Sentencing Memorandum in this case.

**I.　PROCEDURAL HISTORY.**

1.　On July 7, 2014, the defendant entered a plea of guilty to an information charging a violation of 18 U.S.C. § 922(j) and 18 U.S.C. § 924(a)(2), that being knowingly possessing and selling a stolen firearm.　Docs. 29, 32.

2.　On September 5, 2014, the Presentence Report (PSR) was disclosed.

3.　On September 22, 2014, the defendant filed informal objections to enhancements contained in the PSR.

4.　On September 24, 2014, the Addendum to the PSR was disclosed, addressing the defendant's informal objections.

5.　On September 30, 2014, the defendant filed formal objections to the PSR. Doc. 35.

6.　On October 1, 2014, the second Addendum to the PSR was disclosed, addressing the defendant's formal objections.

7.　On June 29, 2016, a third Addendum to the PSR was disclosed.

8. On August 4, 2016, the defendant filed his Sentencing Memorandum and Request for Variance.

## II. OBJECTIONS TO THE PSR.

The defendant raised an objection to the initial PSR disclosure, regarding whether he was a previously convicted felon. That objection was dealt with in the Addendum to the PSR.

### A. Application of USSG § 2K2.1(a)(8).

The presentence report calculated Defendant's base offense level under USSG § 2K2.1 (2011), which applies to the offenses of "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition." Because of Defendant's history of drug use, he was a "prohibited person" at the time of his offense, making his base offense level 14. USSG § 2K2.1(a)(6) (setting base offense level at 14 if defendant was a "prohibited person"); *see id.* § 2K2.1 cmt. n. 3 (defining *prohibited person* as "any person described in 18 U.S.C. § 922(g) or § 922(n)"); 18 U.S.C. § 922(g)(3) (forbidding possession of firearms by a person "who is an unlawful user of or addicted to any controlled substance"). The base offense level was increased 4 levels because Defendant "used or possessed [a] firearm or ammunition in connection with another felony offense," USSG § 2K2.1(b)(6)(B). The defendant objected to application of the offense level 14, based upon his classification as a user of methamphetamine, pursuant to USSG § 2K2.1(a)(8). The second Addendum addressed this objection, and maintained that the defendant was a prohibited person at the time he possessed a stolen firearm. The United States submits that USSG § 2K2.1(a)(8) is correctly applied, as there was sufficient indicia of the defendant's drug use within the residence. However, the United States does concede it did not contemplate the application of USSG § 2K2.1(a)(8) in this case.

**B.  Application of USSG § 2K2.1(b)(6).**

Under § 2K2.1(b)(6), a defendant's offense level is increased by four if "the defendant used or possessed any firearm or ammunition in connection with another felony offense." Application Note 14 to § 2K2.1 explains that the phrase "in connection with" applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." *See United States v. Bunner,* 134 F.3d 1000, 1006 (10th Cir.1998) ("[W]e have generally held that if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)[(6)] is appropriate."). As to handguns specifically, because they are widely recognized tools of the drug trade, "a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)[(**6**)]." *Id. See United States v. Gambino-Zavala,* 539 F.3d 1221, 1230 (10th Cir.2008) (affirming § 2K2.1(b)(6) enhancement when a shotgun and ammunition were found in a closet of a joint occupant's apartment because "the shotgun had the potential to facilitate illegal drug transactions by helping [the defendant] protect himself and his drug supply.").

The defendant was in possession of distribution quantities at all times during the firearms purchases. When agents first arrived at the residence, the defendant was carrying a Desert Eagle .40 caliber firearm on is person. Law enforcement sought to purchase a Rock Island Armory M1911-A1-FS 10mm pistol, which they knew to be stolen. The stolen firearm was not at the residence but was brought to the residence shortly thereafter. The defendant then sold a H & R Incorporated .22 caliber revolver to law enforcement. After the firearms sales, the defendant sold methamphetamine to officers. The United States submits that the enhancement under § 2K2.1(b)(6) is appropriate.

3

### C. No Outrageous Government Conduct.

The government is free "to infiltrate an ongoing criminal enterprise," and "to induce a defendant to repeat or continue a crime or even to induce him to expand or extend previous criminal activity." *United States v. Mosley,* 965 F.2d 906, 911 (10th Cir.1992). As part of its effort to induce a suspect to "repeat, continue, or expand criminal activity," moreover, the Tenth Circuit has said "the government can suggest the illegal activity," "can provide supplies and expertise for the illegal activity," and "can act as both supplier and buyer in sales of illegal goods." *Id.* at 911–12. The fact the government induces a defendant who is already engaged in a criminal enterprise to commit a new "crime" subject to some additional criminal sanction is not by itself enough to warrant relief. *United States v. Dyke*, 718 F.3d 1282, 1288 (10th Cir. 2013). A defendant asserting the outrageous governmental conduct defense bears the burden of proving either "(1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime." *United States v. Pedraza,* 27 F.3d 1515, 1521 (10th Cir.1994).

Contrary to the defendant's assertion that he was entrapped by the officers, following the sale of a stolen firearm and a second firearm, law enforcement inquired about the sale of marijuana. The defendant indicated he too, was looking to buy marijuana. Law enforcement also inquired whether the defendant knew of anyone able to provide cocaine. It was the defendant who then volunteered that he had methamphetamine available for sale. Merely inquiring cannot be considered excessive involvement. At no time did the agents attempt to coerce or induce the defendant. He volunteered his services. The defendant was not entrapped and this argument should be discounted.

## III. SENTENCING FACTORS.

The U.S. Sentencing Guidelines are advisory. *See United States v. Booker*, 543 U.S. 220, 234 (2005). Moreover, under the Supreme Court ruling in *United States v. Rita*, 551 U.S. 338 (2007), for appellate purposes, a reviewing court may accord a properly calculated sentence to have a presumption of reasonableness, *e.g.*, *Id.* 347. A district court, on the other hand, cannot presume reasonableness, but in determining a sentence, it must conduct an analysis using both the Guidelines and the sentencing statutes. Both the sentencing judge and the (Sentencing) Commission "are carrying out the same basic § 3553(a) objectives, the one, at retail, and the other at wholesale." *Id*. at 345. The Guidelines can be assumed to be a "rough approximation" of a sentence that would "achieve § 3553(a)'s objectives." *Id.* 347-349. Hence, the district court should impose sentences within the calculated guideline range when a departure is not appropriate because Guideline sentences prevent unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) and because the Sentencing Commission policies articulated in the Guidelines are sound and reasoned.

The additional sentencing factors that the court is to consider when imposing its sentence are found in 18 U.S.C. § 3553(a). Section 3553(a) states, in part:

> Factors to be considered in imposing a sentence.-The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established;
(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The defendant requests a variance to a sentence of 8-14 months (OL 11), which falls within Zone B of the USSG, and allows for a sentence of probation. As currently calculated, the defendant is an adjusted OL 17, CHC I, resulting in an advisory guideline range of 24-30 months. The United States recognizes the extraordinary efforts made by the defendant while on conditions of release for the past two years. The defendant took on a substantial debt, and received his Associates Degree in Applied Science from ITT Tech while residing at La Pasada Halfway house. He received several honors while attending ITT Tech. He had minimal difficulties while residing at La Pasada, despite tragedies in his life such as his mother undergoing cancer treatment, and the death of his former girlfriend. The third Addendum to the PSR indicates that a variance is warranted in this case, and that a sentence of 12 months plus one date would be appropriate. The United States does not object to a variance in this matter, but will defer to the Court regarding the number of months the Court believes is warranted in this case.

**WHEREFORE,** the United States respectfully requests that this Court impose a reasonable sentence in this case.

        Respectfully submitted,

        DAMON P. MARTINEZ
        United States Attorney

        *Electronically filed on 08/12/16*
        ELAINE Y. RAMIREZ
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, New Mexico   87103
        (505) 224-1437

I HEREBY CERTIFY that on the 12th
day of August, the foregoing pleading
was electronically filed through the CM/ECF
system, which caused counsel of record for
defendant to be served by electronic means.

*/s/*
ELAINE Y. RAMIREZ
Assistant United States Attorney